### STATE v. R. J. PRICE.

#### *Bastardy—Fraud.*

If a woman in a proceeding in bastardy refuses to declare the father, pays the fine and executes the bond required by law, she cannot thereafter sue out a warrant to have the putative father bound over to court to answer the charge, upon the ground of alleged collusion between the defendant and the justice of the peace who took the bond. If there be fraud in such case the woman is *in pari delicto*.

(*State* v. *Brown*, 1 Jones, 129, cited and approved.)

PROCEEDING in Bastardy tried at Spring Term, 1879, of HENDERSON Superior Court, before *Gudger*, J.

On the 17th of November, 1877, a justice of the peace issued a warrant against Mary Key Kendall, the relator in this case, to compel her to declare the father of a bastard child of which she had been delivered, or otherwise comply with the requirements of the law in such cases. Upon the hearing of the matter, she refused to declare the father, and thereupon a fine was imposed, and a bond for the maintenance of her children executed by her and the defendant, as surety.

Subsequently, to-wit, on the 4th of September, 1878, she made an affidavit before another justice of the peace that she had been delivered of two bastard children, and that the defendant was their father. Upon this affidavit a warrant was issued and the defendant arrested and bound over to answer the charge at the superior court. When the case was called the defendant's counsel moved to quash the proceeding on the ground that the woman had refused to declare the father and had given bond as above set forth. The state in reply alleged that this was brought about by a collusion between the justice and the defendant, and that a fraud had been perpetrated on the woman, and offered to introduce testimony to establish it; that the question should be submitted to the jury, and that there were two children, whereas the warrant first issued against the woman charged her of having been delivered of only one child. The court allowed the motion to quash and ordered the defendant to be discharged, and from this ruling, *Ferguson*, solicitor for the state, appealed.

*Attorney General* and *H. G. Ewart*, for the State.

No counsel in this court for the defendant.

ASHE, J. Any justice of the peace upon his own knowl-

edge, or information made to him that any single woman within his county has been delivered of a child or children, may cause her to be brought before him or some other justice of the county, to be examined upon oath respecting the father; and if she shall refuse to declare the father, she shall pay a fine of five dollars and give a bond payable to the state of North Carolina with sufficient security to keep such child or children from being chargeable to the county, &c. Bat. Rev. ch. 9, § 1.

It was not the object of this act to punish the father for having begotten the child, nor to reward the mother for her lewdness, but solely to prevent the maintenance of the child from becoming a charge upon the county. When the woman refuses to declare the name of the father, pays the fine, and gives the bond required, the object of the law is accomplished, and the state has no further concern in the matter, until there is a breach of the bond; and there can be no breach until the county shall have incurred expense in the maintenance of the child.

The woman having made her election to pay the fine and give the bond, there is an end of the matter. She cannot afterwards sue out a warrant of bastardy and have the reputed father bound over to court. *State* v. *Brown,* 1 Jones, 129.

As the county has been indemnified, we do not see what the fraud upon the woman has to do with the question. It is a police regulation adopted solely for the benefit of the community. And where under the further provisions of said section the woman swears the child and the reputed father is bound over to court, and in the order of filiation is dirrcted to pay to the woman a certain sum, her right in the matter is only incidental to the main purpose of the statute, the indemnification of the county; and when that is accomplished the law is satisfied.

If there was any fraud in the proceedings before the jus-

tice, the woman was *in pari delicto.* The justice could hardly have had any complicity in it; for upon information that the woman had been delivered of a bastard, he issued his warrant to bring her before him, and then no doubt ascertaining there were two children instead of one, he took a bond conformable to the requirements of the statute, conditioned to keep her children, not her child, from becoming a charge upon the county. The obligors of the bond are bound for the maintenance of both the children, and the failure to support either or both of them, whereby that burthen should fall upon the county, would be a breach thereof, for which an action would lie in the name of the state for the indemnification of the county.

There was no error in quashing the proceedings in the court below. Let this be certified to the superior court of Henderson county.

PER CURIAM.                                    No error. ·